### WILBRAHAM.

Where the record of a town-meeting is defective, in not stating the whole number of ballots given in at an election, the defect may be supplied by evidence.

THE report of the committee on elections, in this case, was as follows :—

" Abel Bliss and others, inhabitants of the town of Wilbraham, petition against the right of John Carpenter to a seat in this house, on the ground, that that gentleman had not a majority of the ballots given in.

On the part of the sitting member, a paper was exhibited to the committee, which was proved to be a transcript from the record. This paper contained the following statement of

[1] 62 J. H. 91, 111.

votes for representatives, and nothing more on this subject, namely:—' For Stephen Stebbins, 186 votes; John Carpenter, 160; Pliny Merrick, 143; Samuel B. Stebbins 144; J. W. Rice, 1.'

It farther appeared to the committee, that the original record of the town-meeting contained no statement of the whole number of ballots, and that, in fact, the ballots were not counted in order to ascertain the majority, but that the selectmen arrived at this conclusion in a different way.

A question was then made to the committee, whether they could go behind this record, and receive evidence as to the whole number of ballots. On this point the committee were entirely satisfied, that, as the record wholly failed to make any statement respecting the whole number of ballots, it was perfectly proper to supply this important deficiency by evidence. The committee have already endeavored to state, in one of their reports respecting the election in Braintree, their views of the true principles which protect a record. They would repeat briefly, that where a record is intelligible, consistent and clear, and where it contains all the material statements required by law, it is itself the best evidence, and is not to be controlled by inferior evidence. But where the record is inconsistent and ambiguous, or where it is deficient as to a material fact, there it is proper to receive evidence to explain the ambiguity, or to supply the deficiency.

The committee therefore went into evidence as to the whole number of ballots, and it was distinctly proved to them, by one of the selectmen of Wilbraham, and it was admitted by the sitting member, that ballots were cast as follows :—

There were one hundred and sixty ballots for Stephen
    Stebbins and John Carpenter, - - - 160
There were one hundred and forty-three ballots for Samuel B. Stebbins and Pliny Merrick, - - - 143
There were twenty-six single ballots for Stephen Stebbins only, - - - - - - 26

There was one single ballot for Samuel B. Stebbins, - 1
There was one single ballot for Jesse W. Rice,  - 1
                —
Making the whole number of ballots, -  -  - 331

From these facts, it is perfectly obvious, that the number of ballots necessary for a choice is 166; and as the name of John Carpenter was borne only on 160 ballots, he was not elected.

It is but just to the selectmen to give their own explanation of the manner in which the mistake occurred. They state that they were not acquainted with the provisions of the Revised Statutes on this subject; the circular issued to the towns from the secretary's office, to instruct the town officers in this particular, was accidentally prevented from reaching them until long after the election. They therefore proceeded in a manner formerly very prevalent; they added all the votes together, and as there were two persons to be chosen, they divided the whole sum by four and added one to ascertain the number necessary for a choice; and, calculated in this way, Mr. Carpenter was declared to be elected. But the illegality of this mode of computation is perfectly obvious.

The committee therefore report, that John Carpenter, Esq., is not entitled to a seat in this house."

This report was agreed to,[1] and the house refused, by a vote of 167 to 176, to issue a precept for a new election in Wilbraham.[2]